```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CORDERO ROMERO,

                    Plaintiff,

-against-

GOLDMAN SACHS BANK; D/B/A MARCUS BY GOLDMAN SACHS,

                    Defendants.

25-CV-2857 (GHW)

ORDER OF SERVICE & ORDER TO SHOW CAUSE

GREOGORY H. WOODS, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*; the Consumer Financial Protection Act, 12 U.S.C. § 5531 *et seq.*; the Bank Secrecy Act, 31 U.S.C. § 5311 *et seq.*; and the Expedited Funds Availability Act, 12 CFR § 229.10 *et seq*. By order dated April 8, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Further, Plaintiff, proceeding *pro se,* has filed a motion for a preliminary injunction and temporary restraining order and a supporting affidavit. Dkt. Nos. 6, 7. He seeks an order from this Court directing Defendant to "immediately unfreeze the account, restore access, and cease all further obstruction," or, in the alternative, "return the full amount of $15,600 plus" interest. Dkt. No. 6 at 17-18. Plaintiff has not met the requirements of Federal Rule of Civil Procedure 65(b)(1)(A) for issuing a temporary restraining order without notice to the adverse party because his motion and affidavit do not set out "specific facts" that show "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Defendant is ORDERED TO SHOW CAUSE before the Court in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, on April 25, 2025 at 2:00 p.m., or as soon thereafter as counsel may be heard, why an order should not be granted pursuant to Fed. R. Civ. P. 65 ordering Defendant to immediately unfreeze Plaintiff's account ending in 1044 and

restore Plaintiff's access to said account. Answering papers, if any, must be filed on ECF no later than April 18, 2025, and any response must be filed no later than April 24, 2025.

## CONCLUSION

The Clerk of Court is further instructed to issue a summons for Goldman Sachs Bank d/b/a Marcus by Goldman Sachs, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and an information package to Plaintiff.

Plaintiff consents to electronic service.

SO ORDERED.

Dated: April 10, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Goldman Sachs d/b/a Marcus by Goldman Sachs
200 West Street
New York, N.Y. 10282