```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
MICHAEL CORDERO ROMERO,                                        :
                                                               :
                                        Plaintiff,             :    1:25-cv-2857-GHW
                                                               :
                  -v-                                          :    ORDER
                                                               :
GOLDMAN SACHS BANK USA,                                        :
                                                               :
                                        Defendant.             :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 30, 2025, Plaintiff filed a motion for reconsideration of the Court's April 25, 2025 order denying Plaintiff's application for preliminary injunctive relief. Dkt. No. 38. Defendant filed opposition to Plaintiff's motion on May 15, 2025. Dkt. No. 45. Plaintiff filed a reply on May 16, 2025. Dkt. No. 47. The Court has reviewed the parties' submissions and declines to reconsider its order denying preliminary injunctive relief.

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

    The Court assumes the parties' familiarity with the facts of this case. Because Plaintiff provides no new evidence, no change in controlling law, and no clear error that warrants reconsideration of the Court's April 25, 2025 decision, Plaintiff's motion for reconsideration is denied.

    First, the voluntary cessation doctrine does not warrant reconsideration of the Court's decision. Plaintiff contends that the Court overlooked the voluntary cessation doctrine because Defendant has the power to reimpose restrictions on his Goldman account. However, as discussed in the Court's May 15, 2025 order, Dkt. No. 46, the voluntary cessation doctrine relates to mootness—whether the court has the authority to hear a case. *See Mhany Mgt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). "While a defendant's 'voluntary cessation of a challenged practice

2

does not deprive a federal court of its power to determine the legality of the practice,' it is nonetheless 'an important factor bearing on the question whether a court should exercise its power' to entertain a request for injunctive relief or declare it moot." *Holland v. Goord*, 758 F.3d 215, 223 (2d Cir. 2014) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). At the April 25, 2025 hearing, counsel for Defendant proffered that the restrictions on Plaintiff's account were removed and would remain so even if he transferred funds to his Capital One account.[1] Plaintiff conceded at the April 25, 2025 hearing and continues to represent in his filings that he has access to his funds for personal use to pay his living expenses. *See* Dkt. No. 47 at 2. Given that the initial basis for Plaintiff's motion for preliminary injunctive relief was that he needed the funds to pay for basic living expenses, *see* Dkt. No. 6, the Court found at the April 25, 2025 hearing that there was no basis to believe that Plaintiff was likely to suffer the irreparable harm alleged. Plaintiff provides no new facts that demonstrate that Defendant's voluntary cessation is likely to be reversed or that he is otherwise likely to suffer irreparable harm.[2]

Further, Plaintiff provides no other facts besides the April 15, 2025 statement from a representative of Goldman, who recommended that Plaintiff not transfer funds to a business account, in support of his contention that he suffers a risk of further restrictions. The Court already considered this fact on the record during the April 25, 2025 hearing, which makes a motion for reconsideration on this basis inappropriate. In any event, this statement, which Plaintiff finds quite distressing, was followed by counsel for Defendant's very clear subsequent representation at the April 25, 2025 hearing that Plaintiff may transfer funds to the Capital One account without facing

---

[1] Specifically, counsel for Defendant stated on the record: "[Plaintiff's] funds remain available for transfer to the Capital One account to this very day. I am making that representation to the Court as an officer of the court, and there should be no further restrictions on transferring funds to that account or closing his account and sending him a check for the funds in the account."

[2] Further, Plaintiff has provided no basis for the Court to hold that restrictions from transferring funds to his Capital One account—a business account—would cause Plaintiff to suffer irreparable injury. Again, Plaintiff's initial application to the Court was predicated on his need to pay for basic living expenses during the pendency of this litigation, not on his need to transfer his Goldman funds to a separate business account.

3

further restrictions. Therefore, Plaintiff's fear that his account remains under a Godfather-esque threat that "it would be a shame if something were to happen to it," is unfounded on this record. *See* Dkt. No. 38 at 2–3. If Plaintiff finds that counsel for Defendant's representation was false, then he may make an appropriate application to the Court.

Second, Plaintiff's alleged non-monetary harm is not a basis for reconsideration. Plaintiff provides no new facts about non-monetary harms. While Plaintiff contends that he faces a "pattern of coercion," Dkt. No. 38 at 5, again, the record demonstrates that Plaintiff has access to his funds, can use those funds to pay for his living expenses, and can even transfer those funds to a business account. While Plaintiff re-raises his alleged symptoms of psychological distress, *id.* at 4, these facts were presented to the Court prior to and during the April 25, 2025 hearing. Further, Plaintiff need not face the alleged anxiety if he were to simply remove the money from his account needed to pay for his living expenses—thereby obviating the need for a preliminary injunction on the basis of financial need in the first place—or if he were to refrain from linking his account with a separate business account. His decision not to take these steps and instead subject himself to what he calls "severe stress," *id.* at 4, does not constitute irreparable harm.

Additionally, Plaintiff does not provide any controlling law that counsels reconsideration of the Court's decision; Plaintiff provides no case where a court held that irreparable harm exists simply because a plaintiff suffers psychological distress due to the fear that a Defendant will take an adverse action. Plaintiff twice incorrectly cited a purported *Doe v. Rensselaer Polytechnic Inst.* opinion, but the Court found no such opinion. Dkt. No. 38 at 4; Dkt. No. 47 at 5. Plaintiff's other cited cases are, as Plaintiff partially concedes, *see* Dkt. No. 47 at 5, inapposite. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990) (finding "no showing of irreparable harm" even where a defendant was allegedly converting trust assets because there is "nothing in the record" to show that the movant is "not [] in a position to pay creditors"); *Faiveley Transport Malmo AB v. Wabtec Corp.*,

4

559 F.3d 110, 119 (2d Cir. 2009) (trade secrets case); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (finding "loss of reputation, good will, and business opportunities" to be irreparable harm).

Contrary to Plaintiff's argument, the Second Circuit has repeatedly held that irreparable harm is not established by the existence of mere financial distress and consequent emotional or psychological distress. *See Holt v. Contl. Group, Inc.*, 708 F.2d 87, 90–91 (2d Cir. 1983); *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). And courts routinely award emotional distress damages, so these are not harms "for which for which a monetary award does not adequately compensate." *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113 (2d Cir. 2003). *See Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 321 (S.D.N.Y. 2018) (holding that "vague and subjective complaints of insomnia, lower self-esteem, depression, anxiety, and stomach aches and headaches – unsupported by medical corroboration – establish . . . emotional distress" for damages calculations). In any event, the Court reiterates that on this record, Plaintiff now has access to his funds for his living expenses. His asserted feelings of "worthlessness" and "feeling violated and abused" by Defendant's prior actions may be resolved when the merits of his claims are finally adjudicated. Dkt. No. 38 at 4. But his being emotionally invested in the case is not sufficient grounds for the Court to grant preliminary injunctive relief against his adversary, especially when his adversary has already given Plaintiff the preliminary relief he sought at the outset of this case—access to his funds for personal living expenses.

For these reasons, the Court declines to reconsider its April 25, 2025 decision denying Plaintiff's application for preliminary injunctive relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order or from the Court's April 25, 2025 order denying preliminary injunctive relief would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 38.

SO ORDERED.

Dated: May 19, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge