**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Plaintiff,** | |
| **Michael Cordero Romero, pro se** | CASE No. 25-CV-02857-GHW |
| **v.** | PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENTIARY HEARING AND NEW EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION |
| **Goldman Sachs Bank USA** | |
| **d/b/a Marcus by Goldman Sachs,** | |
| **Defendant.** | Hon. Gregory H. Woods USDJ<br>Hon. Valerie Figueredo USMJ |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENTIARY HEARING AND NEW EVIDENCE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Plaintiff moves this Court in limine to preclude (1) any evidentiary hearing on Defendant's motion to compel arbitration, and (2) the introduction of any new evidence or factual assertions not included in Defendant's original moving papers.

**I. LEGAL STANDARD**

The party seeking to compel arbitration bears the burden of proving the existence of a valid agreement to arbitrate. Starke v. SquareTrade, Inc., 913 F.3d 279, 288 (2d Cir. 2019). That burden must be met in the initial motion. A reply brief is not a second chance to

fix evidentiary failures. In re Motors Liquidation Co., 957 F.3d 357, 361-62 (2d Cir. 2020) ("[A] reply brief cannot introduce new evidence or arguments that should have been included in the opening motion."); Beckford v. City of New York, No. 12-CV-9231, 2015 WL 5521435, at *6 (S.D.N.Y. Sept. 16, 2015) ("[Movant] may not use a reply brief to correct the evidentiary shortcomings of its motion.").

## II. ARGUMENT

Defendant failed to present any evidence showing that Plaintiff was ever presented with or assented to the Deposit Account Agreement or its arbitration clause. Its motion relied entirely on a declaration describing "standard" procedures, which is legally insufficient. Starke, 913 F.3d at 289 ("A business's practice of making terms available does not itself establish that an individual was on inquiry notice of those terms.").

Plaintiff submitted sworn testimony, screenshots of the onboarding process, call logs, and corroborating documents. This is the only evidence in the record. There is no factual dispute requiring a hearing—just a failure by Defendant to meet its initial burden. A hearing at this stage would serve only to give Defendant a procedural do-over, which is improper and prejudicial.

## III. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Deny any evidentiary hearing on Defendant's motion to compel arbitration;
2. Preclude Defendant from introducing any new evidence not already included in its initial motion.

Dated: May 29, 2025

Respectfully submitted,

/s/ Michael Cordero Romero

Pro Se Plaintiff