USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
MICHAEL CORDERO ROMERO,                      :
:
                           Plaintiff,   :        1:25-cv-2857-GHW
:
         -v-                                           :        <u>ORDER</u>
:
GOLDMAN SACHS BANK USA,                      :
:
                           Defendant.   :
:
-------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

       On May 29, 2025, Plaintiff filed a "motion in limine to preclude . . . new evidence in support of Defendant's motion to compel arbitration." Dkt. No. 51. The Court will address the merits of Plaintiff's motion after it is fully briefed.

       Upon review of Plaintiff's filing, however, the Court notes that two of Plaintiff's key citations are erroneous. First, Plaintiff cites to "*In re Motors Liquidation Co.*, 957 F.3d 357 (2d Cir. 2020)." A case exists with that citation, but the opinion has nothing to do with what evidence can be presented in a reply brief—the topic for which Plaintiff cites it. What is more, the opinion does not have the quotation that Plaintiff asserts can be found in it: "[A] reply brief cannot introduce new evidence or arguments that should have been included in the opening motion." *See* Dkt. No. 51 at 2. Second, Plaintiff's citation to *Beckford v. City of New York*, No. 12-cv-9231, 2015 WL 5521435, at *6 27 (S.D.N.Y. Sept. 16, 2015), appears to be completely fictitious. There is no case on Westlaw published at "2015 WL 5521435." The Westlaw database identifies two cases with the caption "*Beckford v. City of New York*," but the case numbers are not 12-cv-9231. And neither of those cases address issues related to reply briefs—the subject for which Plaintiff cites them. *See Beckford v. City of New York*, No. 16-cv-7486 (DLC), 2019 WL 1437612 (S.D.N.Y. Apr. 1, 2019); *Beckford v. City of New York*, No. 85-cv-206, 1988 WL 101331 (E.D.N.Y. Sept. 21, 1988).

Plaintiff's use of a fictitious citation and quotation bears the emblems of the use of a generative artificial intelligence tool. Generative artificial intelligence tools can fabricate or "hallucinate" legal precedent. By now, that fact has been broadly communicated to the public and the bar. *See, e.g.*, N.Y.C. Bar Ass'n Comm. Pro. Ethics, Formal Op. 2024-5 at 7 & n.22. The use of fictitious citations has resulted in the imposition of sanctions on the parties responsible. *See* Linn F. Freedman, *Lawyers Sanctioned for Citing AI Generated Fake Cases*, NAT'L L. REV. (Feb. 27, 2025), https://natlawreview.com/article/lawyers-sanctioned-citing-ai-generated-fake-cases; *U.S. v. Cohen*, 724 F. Supp. 3d 251, 257–60 (S.D.N.Y. 2024); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023).

The Court is not making a finding at this time that Plaintiff presented fake citations to the Court as the result of the use of generative artificial intelligence. Plaintiff is representing himself in this action *pro se* in this case, and, as such, the Court affords him special solicitude. As a result, the Court is not taking action at this time as a result of Plaintiff's presentation of fictitious citations to the Court.

However, the Court takes the opportunity to remind the parties of their obligations under Federal Rule of Civil Procedure 11:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b) (emphasis added). By its express terms, "Rule 11 applies both to represented and *pro se* litigants." *Maduakolam v. Columbia U.*, 866 F.2d 53, 56 (2d Cir. 1989). A violation of Rule 11 may result in the imposition of sanctions against a party or their counsel. Those sanctions may include non-monetary and monetary sanctions. Fed. R. Civ. P. 11(b)(4).

Sanctions under Rule 11 can be initiated by a motion from an opposing party under Rule

11(c)(2) or by a court *sua sponte* under Rule 11(c)(3). "When the sanctions process is initiated by a motion from an opposing party (under Rule 11(c)(2)), the challenged lawyer has a 21–day 'safe harbor' to withdraw or amend. When sanctions are initiated by a court *sua sponte* (under Rule 11(c)(3)), no such safe harbor is afforded." *ATSI Commun., Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

The parties are placed on notice that legal citations, quotations, and holdings that have been generated by generative artificial intelligence may be hallucinations. The presentation of false citations, quotations, and holdings by a party or their counsel to the Court is sanctionable conduct. The parties are expected to confirm that citations, quotations, and holdings that are presented to the Court are correct. The Court will consider the presentation of fictitious materials to the Court after the date of this order to be evidence of subjective bad faith of the party or lawyer submitting the document to the Court for purposes of imposing sanctions under Rule 11 or the Court's inherent authority.

SO ORDERED.

Dated: June 25, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge