```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 7/17/2025
------------------------------------------------------------- X
                                                              :
MICHAEL CORDERO ROMERO,                                       :
                                                              :
                                    Plaintiff,                :       1:25-cv-2857-GHW
                                                              :
                        -v-                                   :       ORDER
                                                              :
GOLDMAN SACHS BANK USA,                                       :
                                                              :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On June 27, 2025, Plaintiff filed a motion for an "order to compel limited production of evidence." Dkt. No. 73. Specifically, Plaintiff requests that Defendant be required to produce "limited and narrowly tailored evidence critical to Plaintiff's forthcoming sur-reply."[1] *Id.* at 1. The Court, reading Plaintiff's submissions with the special solicitude afforded *pro se* litigants, understands the motion to be an application for expedited discovery regarding the pending motion to compel arbitration. Plaintiff's application is granted.[2]

Pursuant to Rule 26(b)(1), a party may discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discoverable material must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

---

[1] Specifically, Plaintiff seeks (1) "[t]he complete call transcript or audio recording of Plaintiff's January 7, 2025, call to Marcus Customer Service"; (2) "[i]nternal notes, correspondence, or CRM entries associated with Plaintiff's account application and onboarding process from January 7, 2025"; and (3) "[a]ny screen capture, metadata, or audit log showing the steps taken by Plaintiff in the Marcus online application portal." Dkt. No. 73 at 2–3.

[2] The Court notes that in Plaintiff's reply to the motion for expedited discovery, Plaintiff made additional evidentiary requests to rebut evidence submitted by Defendant in opposition to the motion for expedited discovery. Dkt. No. 80 at 9–15. To the extent Plaintiff requests any additional discovery beyond what was outlined in the motion at Dkt. No. 73, that application is denied. Defendant has not had an opportunity to oppose the new applications made in Plaintiff's reply brief. In any event, the basis for Plaintiff's additional discovery requests is to rebut Defendant's evidence submitted in opposition to the motion for expedited discovery. Because the Court will not consider evidence that Defendant submitted regarding the motion for expedited discovery when deciding the motion to compel arbitration, Plaintiff has no good cause to rebut that evidence.

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Federal Rules provide "that a party to a civil action may not seek discovery before the parties have conferred as required by Rule[] 26(f), except in certain limited categories of case[s] exempted from the initial disclosure rules or when authorized by Court order." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (internal quotation marks omitted).

"When determining a request for expedited discovery, courts in this Circuit 'examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Doe 1 v. Congregation of the Sacred Hearts of Jesus & Mary*, 2022 WL 2901403, at *1 (S.D.N.Y. July 22, 2022) (quoting *Ayyash*, 233 F.R.D. at 326). "In doing so, courts utilize a 'flexible standard of reasonableness and good cause.'" *Id.* (quoting *Ayyash*, 233 F.R.D. at 326). "Courts will also compare 'the potential prejudice which will be suffered by the defendant if discovery is permitted, and that which will be experienced by the plaintiff if denied the opportunity for discovery at this stage.'" *Id.* (quoting *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006)).

The Court finds good cause for the limited discovery requested in Plaintiff's motion. The factual record in this case may need further development. Plaintiff asserts that he experienced one process for setting up his bank account; Defendant provides evidence that Plaintiff would have experienced a different process but does not provide evidence that Plaintiff in fact *did*. Defendant now asserts to have internal records confirming the date and time of Plaintiff's assent to the agreements at issue, but did not provide such records in briefing that very issue. The records requested by Plaintiff at Dkt. No. 73 may shed light on these gaps in the record, and therefore Plaintiff's request is reasonable.

The Court does not find that Defendant will be prejudiced by Plaintiff's discovery. Plaintiff concedes that the discovery is limited in time and scope. The information requested is specifically focused on the limited evidentiary issues posed by Defendant's pending motion to compel. And Defendant consents to produce most of what Plaintiff requests anyway. Dkt. No. 76 at 6–7. Therefore, the Court does not find that Defendant will be significantly prejudiced by providing the limited information requested by Plaintiff at Dkt. No. 73.[3]

Defendant is ordered to produce the documents requested by Plaintiff at Dkt. No. 73 no later than one week from the date of this order. Because Defendant argues that the requested materials in fact support its position, Defendant may file a supplemental brief of no longer than 10 pages providing such arguments to the Court, no later than July 31, 2025. Defendant's supplemental briefing may not offer new evidence or arguments beyond those related to the information to be disclosed to Plaintiff. The deadline for Plaintiff to file his sur-reply, limited in length as ordered by the Court at Dkt. No. 71, is extended to August 7, 2025.[4] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 73.

SO ORDERED.

Dated: July 17, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[3] Defendant asserts that its consent to provide the requested information is conditional on the entry of a protective order. Dkt. No. 76 at 7. An appropriate application for a protective order pursuant to Fed. R. Civ. P. 26(c) has not been made, and Defendant provides no information supporting a showing of good cause. Therefore, the Court takes no action on any protective order at this time.

[4] While the Court reviewed the entirety of Plaintiff's reply brief to the motion for expedited discovery, going forward **Plaintiff is directed to comply with the page limits set by the Court or the relevant rules unless given *prior* leave of Court.** Plaintiff has filed many motions and has had many opportunities to put his arguments before the Court.