```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
MICHAEL CORDERO ROMERO,                                           :
                                                                  :
                                      Plaintiff,                  :     1:25-cv-2857-GHW
                                                                  :
                    -v-                                           :     ORDER
                                                                  :
GOLDMAN SACHS BANK USA,                                           :
                                                                  :
                                      Defendant.                  :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2025

GREGORY H. WOODS, United States District Judge:

On June 27, 2025, Plaintiff requested limited production of documents from Defendant. Dkt. No. 73. The Court granted this request on July 17, 2025. Dkt. No. 81. Specifically, the Court ordered that Defendant produce "(1) the complete call transcript or audio recording of Plaintiff's January 7, 2025, call to Marcus Customer Service; (2) internal notes, correspondence, or CRM entries associated with Plaintiff's account application and onboarding process from January 7, 2025; and (3) any screen capture, metadata, or audit log showing the steps taken by Plaintiff in the Marcus online application portal." *Id.* at 1 n.1 (internal quotation marks and brackets omitted). The Court directed Defendant to file a supplemental brief setting forth its position on the relevance of the documents produced to Plaintiff. *See id.* at 3. The Court granted Plaintiff a thirty-day extension to file a sur-reply to the motion to compel arbitration that addresses the documents produced by Defendant. Dkt. No. 93.

On July 31, 2025, Defendant filed its supplemental memorandum of law and an accompanying declaration with attached exhibits. Dkt. Nos. 95–98. That same day, Plaintiff filed a motion to strike portions of the declaration and attached exhibits or, alternatively, to allow limited discovery and additional briefing on the basis that Defendant's submissions "violate both the spirit and letter of prior Court orders." Dkt. No. 99. Plaintiff's applications are denied. Contrary to

Plaintiff's argument, the Court does not find that Defendant's submissions are outside the scope of the requested production.  The declaration and the attached exhibits relate to the January 7, 2025 phone call, and to the internal notes, correspondence, and metadata in Defendant's possession regarding Plaintiff's onboarding and account use.  Specifically with respect to what Plaintiff calls the "email verification flow narrative," the Court previously held that evidence offered in support of a separate motion would not be considered with respect to the motion to compel arbitration.  *See* Dkt. No. 81 at 1 n.2.  The Court did not hold that it "declined to consider the email verification narrative."  Dkt. No. 99.  To the extent that the email offered by Defendant is "correspondence . . . associated with Plaintiff's account application and onboarding process," Plaintiff opened the door for Defendant to offer the email.  Dkt. No. 73 at 2–3.  Plaintiff is welcome to address the relevance of the email in his sur-reply.

Therefore, the Court finds no basis to preclude any portion of Defendant's submissions at this time and finds no good cause to allow additional discovery.  Plaintiff is of course permitted in his sur-reply to respond to the evidence produced and arguments raised by Defendant.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 99.

SO ORDERED.

Dated: August 4, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge