USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                   :
MICHAEL CORDERO ROMERO,          :
                                                   :
                                    Plaintiff,   :                   1:25-cv-2857-GHW
                                                   :
                        -v-                        :                           <u>ORDER</u>
                                                   :
GOLDMAN SACHS BANK USA,             :
                                                   :
                                    Defendant.   :
                                                   :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On August 4, 2025, Plaintiff filed a motion for the appointment of a special master pursuant to Fed. R. Civ. P. 53. Dkt. No. 101. Fed. R. Civ. P. 53(a)(1) provides:

> Unless a statute provides otherwise, a court may appoint a master only to:
>     (A) perform duties consented to by the parties;
>     (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>         (i) some exceptional condition; or
>         (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>     (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

"The decision of whether to appoint a special master is committed to the discretion of the district court." *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542 (VSB), 2023 WL 4928184, at *1 (S.D.N.Y. Aug. 1, 2023) (citing *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 36 (2d Cir. 1988) (noting the "broad discretion" afforded a court that appointed a "special property advisor")). "[T]he court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). In this case, the special master would have to be compensated by one or more of the parties, as prescribed in Fed. R. Civ. P. 53(g).

      Plaintiff's application is denied. The issue of whether Plaintiff entered into a binding

arbitration agreement while opening his bank account with Defendant is not the kind of "exceptional condition" that warrants the appointment of a special master. Plaintiff asserts that he is capable and knowledgeable of the technical issues at play here. Dkt. No. 101 at 4, 7. Contrary to Plaintiff's concerns, the Court will evaluate all evidence and arguments fairly on the merits as a neutral adjudicator. The Court finds that the appointment of a special master would impose unreasonable expense and delay.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 101.

SO ORDERED.

Dated: August 5, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge