```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
MICHAEL CORDERO ROMERO,                                              :
                                                                     :
                                        Plaintiff,                   :      1:25-cv-2857-GHW
                                                                     :
                    -v-                                              :      ORDER
                                                                     :
GOLDMAN SACHS BANK USA,                                              :
                                                                     :
                                        Defendant.                   :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 22, 2025, Defendant filed a motion to compel arbitration. Dkt. No. 24. On July 31, 2025, Defendant also filed a motion to seal or redact information in connection to the motion to compel arbitration. Dkt. No. 94. (the "Sealing Motion."). Defendant filed supplemental papers with respect to the Sealing Motion the same day. *See* Dkt. Nos. 95, 96.

Since Defendant filed its motion to compel arbitration, Plaintiff has also filed several motions. On May 14, 2025, Plaintiff filed a motion for an order to preserve evidence in this matter. Dkt. No. 44 (the "Preservation Motion"). On May 29, 2025, Plaintiff filed a motion *in limine* with respect to Defendant's motion to compel arbitration. Dkt. No. 51 (the "Motion *in Limine*"). On August 4, 2025, Plaintiff filed a motion for sanctions alleging that Defendant failed to comply with one of the Court's prior discovery orders. Dkt. No. 106 (the "Sanctions Motion"). On August 5, 2025, Plaintiff filed a motion to exclude Defendant's exhibits and declaration testimony in connection with Defendant's motion to compel arbitration. Dkt. No. 102 (the "Motion to Exclude"). Plaintiff also filed a motion for leave to file excess pages in his sur-reply to Defendant's motion to compel arbitration. Dkt. No. 111 (the "Excess Pages Motion").

On August 6, 2025, the Court scheduled a telephonic conference for August 12, 2025 to discuss the Sanctions Motion. Dkt. No. 109. On August 12, 2025—hours prior to the scheduled

conference—Defendant filed an opposition to the Sanctions Motion. Dkt. No. 115.

During the August 12, 2025 conference, the Court addressed the Sanctions Motion, the Sealing Motion, the Preservation Motion, the Motion *in Limine*, the Motion to Exclude, and the Excess Pages Motion. For the reasons stated on the record during the August 12, 2025 conference, the Preservation Motion and the Excess Pages Motions are denied.

Additionally, for the reasons stated on the record, Plaintiff's Motion *in Limine* with respect to excluding new evidence is presumptively denied. Further, for the reasons stated on the record, the Court cannot evaluate Plaintiff's request to preclude an evidentiary hearing until Defendant's motion to compel arbitration is fully briefed. Once the motion to compel arbitration is fully submitted, the Court will evaluate whether there is a factual dispute that requires a trial with respect to whether Plaintiff and Defendant entered into an arbitral agreement. Following that determination, the Court may set a date for an in-person trial so that a factfinder may adjudicate that factual dispute.

With respect to Defendant's Sealing Motion, for the reasons stated on the record, the Court is not inclined to grant the Sealing Motion as filed, but Defendant is granted leave to file a renewed application for a motion to seal or redact information in connection to the motion to compel arbitration. The deadline for Defendant to file any such renewed application is August 19, 2025. The application must include supplemental affidavits that address how each statement subject to a proposed redaction will harm Defendant. The Court strongly encourages Defendant to consider the public's First Amendment right of access to proceedings. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016). The Court further encourages Defendant to consider the "potent and fundamental" presumptive common law right of public access to judicial documents and how Defendant's arguments concerning the weight of that presumption may impact Defendant's arguments in the underlying motion to compel. *See Mirlis v. Greer*, 952 F.3d 51, 58, 60–61 (2d Cir. 2020).

Additionally, the Court construes Plaintiff's Motion to Exclude as supplemental briefing in connection with Defendant's motion to compel arbitration. The Court will consider the arguments raised by Plaintiff in his Motion to Exclude when it resolves Defendant's motion to compel arbitration.

Finally, as stated on the record, Plaintiff is granted leave to file a reply in support of his Sanctions Motion. The deadline for Plaintiff to file his reply is August 19, 2025. Plaintiff's reply must not exceed 10 pages.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending a Dkt. Nos. 44, 51, 102, and 111.

SO ORDERED.

Dated: August 13, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge